## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| OPTIMA EXERCISE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>YOWZAFITNESS.COM, LLC.,<br><br>Defendant. | Civil Action No. 2:16-cv-01287<br><br>**YOWZAFITNESS.COM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT**<br><br>(JURY TRIAL DEMANDED) |

### YOWZAFITNESS.COM'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant YowzaFitness.com, LLC ("Yowza") answers Plaintiff Optima Exercise, LLC's Complaint for Patent Infringement ("Complaint") as follows:

### GENERAL DENIAL

Yowza denies each and every allegation, matter, or thing contained in the Complaint which is not expressly admitted, qualified, or answered herein.

1.      Plaintiff, Optima Exercise, LLC. ("Optima" or "Plaintiff"), by and through its attorneys, makes and files this Complaint against YowzaFitness.com, LLC. ("Yowza" or "Defendant"). In support of this Complaint, Plaintiff alleges and complains as follows:

Response:      Yowza admits that Plaintiff, Optima Exercise, LLC ("Optima" or "Plaintiff") has filed a Complaint against Yowza, but denies any remaining allegations of this paragraph, including that there is any merit to the allegations or claims in it.

### PARTIES

2.      Optima is a Texas Limited Liability Company.

Response:     Yowza is without information sufficient to admit or deny the allegations contained in paragraph 2, and therefore denies them.

3.     Yowza is a Florida Corporation with its principal place of business at 7916 Drew Circle, Ste. 7, Fort Myers, FL 33967.

Response:     Admitted.

4.     Yowza can be served with process through its registered agent: Jeff Novatt at 1415 Panther Lane, Suite 327, Naples, FL 34109.

Response:     Admitted.

**JURISDICTION AND VENUE**

5.     Upon information and belief, Yowza directly and/or through its intermediaries ships, distributes, offers for sale, sells and/or advertises its products and services in this State via its interactive website www.Yowzafitness.com.

Response:     Yowza admits that it offers for sale, sells and advertises the sale of products through its website www.Yowzafitness.com. Yowza denies any remaining allegations in paragraph 5.

6.     By placing infringing products into the stream of commerce with the intent that they be sold, offered for sale, purchased, and used, Yowza has transacted and continues to transact business in Texas.

Response:     Yowza denies that it places infringing products into commerce with the intent that they be sold, offered for sale, purchased or used in Texas.

7.     Upon information and belief, Defendant solicits customers and has actual customers in this State and in the Eastern District of Texas. Some examples of Yowza customers in Texas include, but are not limited to: Bobbi in Katy, TX (https://offerupnow.com/item/detail/148298662/Yowza-Treadmill); Renate of Fort Worth,

2

TX; Carmen of Houston, TX; Venkateswaren of Lewisville, TX; Christen of Austin, TX; Michael of Orange, TX, and Joel of Selma, TX (https://www.consumeraffairs.com/health/yowza-fitness.html).

    <u>Response:</u>    Yowza admits that it has conducted business in Texas, but denies that it has committed acts of patent infringement in this district or in any other district. Yowza denies any remaining allegations in paragraph 7.

    8.    Upon information and belief, Defendant has introduced infringing products into the stream of commerce in Texas through various online distributors to be shipped to Texas residents or to physical stores in Texas for customer pickup, including but not limited to:

    a.    Academy Sports:

http://www.academy.com/shop/browse/fitness/cardio-equipment--machines/treadmills?searchType=2&searchTerm=&cm_cr=No+Campaign-_-Web+Activity-_-Subcategory+recommendation+S%26F+NEW-_-SubCategory_CP1-_-Treadmills-productNameLink&facet=mfName_ntk_cs%253A%2522Yowza+Fitness%2522&beginIndex=0&orderBy=&pageView=grid&minPrice=&maxPrice=&pag_eSize=&;

    b.    Kmart/Sears:    http://www.kmart.com/fitness-sports-fitness-exercise-treadmills-accessories-treadmills/b-1341668660?Brand=Yowza%20Fitness&filterList=Brand; and

    c.    Dick's Sporting Goods:

http://www.dickssportinggoods.com/family/index.jsp?categoryId=441

7729&fg=Brand&ff=Brand&fv=1046980%2FYowza&fd=Yowza.

Response:      Yowza admits that it has conducted business in Texas, but denies that it has committed acts of patent infringement in this district or in any other district. Yowza denies any remaining allegations in paragraph 8.

9.      Yowza has committed and/or induced acts of patent infringement in Texas, including the Eastern District of Texas, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased and used by Texas residents, including residents in the Eastern District of Texas.

Response:      Yowza admits that it has conducted business in Texas, but denies that it has committed acts of patent infringement in this district or in any other district. Yowza denies any remaining allegations in paragraph 9.

10.      Yowza has purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

Response:      Yowza admits that it has conducted some business in the State of Texas. Yowza denies any remaining allegations in paragraph 10.

11.      This Court has subject matter jurisdiction to hear the patent infringement claims under 28 U.S.C. § 1331.

Response:      Admitted.

12.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because, as described above, Defendant has infringed and continues to infringe Plaintiff's patent rights

9108110.1

within the Eastern District of Texas, and this action arises out of transactions of that business and infringement.

> Response:      Yowza admits that it has conducted business in Texas, but denies that it has committed acts of patent infringement in this district or in any other district. Yowza denies any remaining allegations in paragraph 12.

## GENERAL ALLEGATIONS

13.      Plaintiff owns U.S. Patent No. 6,626,800 (the "*'800 Patent*"), titled "Method of Exercise Prescription and Evaluation." A copy of the '800 Patent is attached as Exhibit A.

> Response:      Yowza lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint, and therefore denies them.

14.      The '800 Patent was issued September 30, 2003.

> Response:      Yowza lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint, and therefore denies them.

15.      Plaintiff is the owner, by assignment, of the '800 Patent, including all rights to sue for patent infringement.

> Response:      Yowza lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint, and therefore denies them.

16.      As the owner of the '800 Patent, Optima has standing to sue and recover for all past, present, and future damages for infringement of the '800 Patent.

> Response:      Yowza lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint, and therefore denies them.

17.      Yowza has not been granted a license or any other rights to the '800 Patent.

> Response:      Admitted.

18.     The inventions of the '800 Patent resolve problems related to evaluating an exercise protocol. For example, the inventions include a method of presenting an exercise protocol to a user and evaluating the effectiveness of same.

Response:     Yowza lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint, and therefore denies them.

## CLAIM 1

### (PATENT INFRINGEMENT)

19.     Plaintiff realleges and incorporates by reference, as fully set forth herein, all other paragraphs.

Response:     Yowza realleges and incorporates, as fully set forth herein, all other responses to each of Plaintiff's paragraphs.

20.     Plaintiff has complied with 35 U.S.C. § 287.

Response:     Yowza is without sufficient information to admit or deny the allegations in paragraph 20, and therefore denies them.

21.     Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induces infringement of the '800 Patent by making, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Yowza treadmills (Daytona, Boca, and Delray series) and Yowza ellipticals (Islamorada, Captiva, Sanibel, and Pampano models) (the "***Accused Products***"), that infringe one or more claims of the '800 Patent, including, but not limited to claim 1 of the '800 Patent, and may include other claims of infringement to be identified through discovery.

Response:     Denied.

9108110.1

22.     By way of example and not as a limitation, Defendant's Accused Products perform each and every element of the '800 Patent's method claim 1 as an act of indirect infringement because these products are especially made or especially adapted for use in infringing the '800 patent as demonstrated below:

a.   The Accused Products allow a user (the direct infringer) to perform an exercise method as required by claim 1;

b.   The Accused Products provide a processor with a protocol generating algorithm such as device computer;

c.   The Accused Products provide an exercise device in communication with the processor as required by claim 1;

d.   The Accused Products allow a user to input data into said processor such as sex, age height, and weight;

e.   The Accused Products generate an exercise protocol according to said protocol generating algorithm and the user data as required by claim 1;

f.   The Accused Products provide reviewing and allowing for modification of the exercise protocol through its heart rate control program;

g.   The Accused Products transfer the exercise protocol to the exercise device as required by claim 1;

h.   The Accused Products allow a user to perform an exercise session on the exercise device as required by claim 1;

i.   The Accused Products generate information regarding the exercise session such as time, distance, calories, and pulse;

9108110.1

     j.    The Accused Products transfer the information to the processor as required by claim 1; and

     k.    The Accused Products allow review of the information as required by claim 1.

    <u>Response:</u>     Denied.

23.    Defendant is liable for indirect infringement of the '800 Patent by inducing and/or contributing to direct infringements of the '800 Patent committed by end users of the Accused Products.

    <u>Response:</u>     Denied.

24.    Defendant has further infringed, and continues to so infringe, by knowingly providing to its end users Accused Products which are especially made or especially adapted for infringement under the '800 Patent, which are a material part of the infringement, and for which there are no substantial non-infringing uses.

    <u>Response:</u>     Denied.

25.    Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '800 Patent.

    <u>Response:</u>     Denied.

26.    Defendant's infringing activities have damaged Plaintiff, which is entitled to recover from Defendant damages in an amount subject to proof at trial, but in no event less than a reasonable royalty.

    <u>Response:</u>     Denied.

9108110.1

27.     In particular, Yowza engaged in and continues to engage in willful and knowing patent infringement because it has actual knowledge of the patent at least as early as August 2015 when Optima's licensing agent gave actual notice to Yowza.

    <u>Response:</u>     Denied.

28.     In particular, upon information and belief, Yowza has generated significant sales revenue by incorporating the Plaintiff's technology in its product, easily exposing Yowza to significant liability for its infringement of the '800 Patent.

    <u>Response:</u>     Denied.

29.     From at least as early as the August 2015, when Yowza was given actual notice of the '800 Patent, Yowza induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

    <u>Response:</u>     Denied.

30.     At least as early as August 2015, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially made or especially adapted for a combination covered by one or more claims of the '800 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

    <u>Response:</u>     Denied.

31.     Yowza has knowledge of the '800 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

    <u>Response:</u>     Denied.

9108110.1

32.     Defendant's acts of infringement have damaged Plaintiff, and Plaintiff is entitled to recover from Yowza the damages sustained as a result of Yowza's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

Response:     Denied.

33.     Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '800 Patent.

Response:     Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Responses to the remainder of the Complaint are neither necessary nor required as the remainder of the Complaint sets forth the statement of relief requested by Plaintiff. However, to the extent a response is required, Yowza denies any allegations in these paragraphs and denies that Plaintiff is entitled to any relief against Yowza, either as prayed for in its Complaint or otherwise.

Yowza denies all the allegations of the Complaint not expressly admitted to above.

## DEMAND FOR JURY TRIAL

This paragraph of the Complaint sets forth Plaintiff's demand for a jury trial, to which no response is required.

## YOWZA'S DEFENSES

Yowza asserts the following defenses in response to the allegations in the Complaint, based on Yowza's investigation to date and prior to obtaining any discovery from Plaintiff. Yowza's investigation of its defenses is continuing, and Yowza reserves the right to assert all affirmative defenses and any other defense, at law or in equity, that may now exist or in the future be available based on discovery and further investigation. Yowza undertakes the

10

burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE
### (Failure to State a Claim)

1.      Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (Non-Infringement of U.S. Patent No. 6,626,800)

2.      Yowza does not and has not directly, jointly, or indirectly infringed, contributed to the infringement, or actively induced others to infringe any valid and enforceable claim of the patent-in-suit either literally or under the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity of U.S. Patent No. 6,626,800)

3.      Plaintiff's claims are barred, in full or in part, because one or more of the claims of the patent-in-suit are invalid for failure to satisfy one or more of the conditions of patentability set forth in the United States patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE
### (Estoppel, Laches, and/or other Equitable Defenses)

4.      Upon information and belief, Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, waiver, unclean hands, and/or other equitable doctrines, including inequitable conduct.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

5.      Plaintiff is estopped from claiming that the patent-in-suit covers any method, system, apparatus, or product of Yowza by virtue of the prior art and/or the prosecution history of U.S. Patent No. 6,626,800 or related patents.

9108110.1

## SIXTH DEFENSE
### (Patent Misuse)

6.      Upon information and belief, Plaintiff's claims are barred by the doctrine of patent misuse because, *inter alia*, Plaintiff has commenced and is maintaining this action in bad faith, without probable cause, and for the purpose of extorting a settlement from Yowza knowing there to be no colorable liability for infringement by Yowza under any legally supportable interpretation of any claim of the '800 Patent.

## SEVENTH DEFENSE
### (Lack of Standing)

7.      Upon information and belief, Plaintiff lacks standing to commence and maintain this action.

## EIGHTH DEFENSE
### (Damages Limitation)

8.      Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 287.

## NINTH DEFENSE
### (No Attorneys' Fees or Costs)

9.      Plaintiff is barred from recovering any costs or attorneys' fees associated with this action. Plaintiff cannot prove that this is an exceptional case and is therefore precluded from seeking recovery of its attorneys' fee under 35 U.S.C. § 285.

## YOWZA'S COUNTERCLAIMS

Yowza counterclaims against Optima in the action as follows:

1.      Yowza is a Florida corporation having a principle place of business at 7916 Drew Circle, Ste 7, Fort Myers, FL 33967.

2.      Optima is, based upon the allegations of the Complaint in the above-captioned action, a Texas limited liability company.

9108110.1

3.      On information and belief, Optima does not make, sell, or offer for sale any products or services of any kind.

4.      On information and belief, Optima does not make, offer for sale or sell exercise equipment.

5.      On information and belief, Optima is not involved in and performs no research or development of goods or products, and has no research budget for researching, developing, or making any goods or products, including no budget for researching, developing or making any exercise equipment, or offering services in connection with exercise equipment.

6.      On information and belief, Optima is not a marketing organization or entity, and it does not market or provide strategy regarding the marketing or selling of any goods, products or services, and does not market or sell exercise equipment.

7.      On information and belief, Optima does not make, use, offer for sale, sell, distribute, market and/or import any exercise equipment made under or which practices the method of the '800 Patent.

8.      On information and belief, Optima was only registered in Texas as of January 2015, and it has no employees or office space in Texas where it manufactures or sells any goods or products.

9.      On information and belief, Optima is organized and exists for the sole purpose of bringing lawsuits in order to license the '800 Patent which it purports to own.

**JURISDICTION AND VENUE**

10.     This is a civil action for a Declaratory Judgement declaring U.S. Patent No. 6,626,800 invalid, unenforceable, and/or not infringed by Yowza arising under the patent

laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgement Act, Title 28 of the United States Code.

11.      Optima commenced litigation against Yowza by filing this action and alleging that Yowza infringes the '800 Patent. Since at least as early as the commencement of this action, and continuing to this date, an actual and justiciable controversy exists between Yowza and Optima with regard to the validity, enforceability, and infringement of the '800 Patent.

12.      Optima purports to maintain a principle place of business located in the State of Texas and it invoked and consented to the jurisdiction of this Court by filing this action. Therefore, this Court has personal jurisdiction over Optima.

13.      This Court has subject matter jurisdiction over Yowza's Declaratory Judgement action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

14.      Venue is proper in this jurisdiction, with respect to Yowza's counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I
### (Declaratory Judgment of Noninfringement of the '800 Patent)

15.      Yowza hereby refers to and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs 1 through 14.

16.      Yowza has not infringed and does not infringe, either literally or under the doctrine of equivalents, any claim of the '800 Patent, and has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, and/or asserted claim of the '800 Patent.

17.      Yowza has not infringed and does not infringe, either contributorily, by inducement, or in any other manner, any claim of the '800 Patent, and has not infringed and

does not infringe, either contributorily, by inducement, or in any other manner, any valid, enforceable, and/or asserted claim of the '800 Patent.

18.     An actual and justiciable controversy exists between Yowza and Optima regarding Optima's allegations that Yowza infringes the '800 Patent.

19.     Yowza is entitled to a declaratory judgement of this Court stating that Yowza has not infringed and does not infringe the '800 Patent in any manner whatsoever.

<u>COUNT II</u>
<u>(Declaratory Judgment of Invalidity of the '800 Patent)</u>

20.     Yowza hereby refers to and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs 1 through 19.

21.     Each and every claim of the '800 Patent is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.     Each and every claim of the '800 patent is invalid, unenforceable and in violation of 35 U.S.C. § 101 as being directed to an unpatentable abstract idea.

23.     Each and every claim of the '800 patent is invalid, unenforceable and in violation of 35 U.S.C. §§ 102 and/or 103 as being anticipated by and/or rendered obvious in view of the prior art.

24.     Upon preliminary examination, and by way of example and not as a limitation, such prior art includes, but is not limited to, the following printed publications: The Precor M9.25i Treadmill Owner's Manual dated September 1997; the Tectrix ClimbMax 2000/3000 Owner's Manual dated September 1997 and The Cybex 800S Stepper Owner's Manual dated July 1999 (hereinafter "Printed Publications").

25.     Upon preliminary examination, and by way of example and not as a limitation, such prior art also includes, but is not limited to, prior use and practice of the

9108110.1

method claims of the '800 Patent before July 12, 2000 by users of: The Precor M9.25i Treadmill; the Tectrix ClimbMax 2000/3000 and The Cybex 800S Stepper, including such uses before July 12, 1999 (hereinafter "Prior Uses").

26.     Upon information and belief, the Printed Publications and Prior Uses were disclosed and made of record in earlier litigation on the '800 Patent, and Optima and its attorneys know or should have known of the Prior Uses and Printed Publications.

27.     Optima and its attorneys know or should know that in order to interpret the claims broad enough to find that the Accused Devices made and sold by Yowza practice the method set forth in the claims of the '800 patent, such claims would necessarily read on and be invalid in view of such Printed Publications and Prior Uses.

28.     An actual and justiciable controversy exists between Yowza and Optima regarding the validity of the '800 Patent.

29.     Yowza is entitled to a declaratory judgment of this Court stating that the asserted claims of the '800 Patent, and the '800 Patent itself, are invalid.

## <u>YOWZA'S DEMAND FOR JURY TRIAL</u>

Yowza requests a trial by jury of any issues so triable by right under Rule 38 of the Federal Rules of Civil Procedure.

## <u>YOWZA'S PRAYER FOR RELIEF</u>

Yowza respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     Dismissal of Plaintiff's claims in their entirety with prejudice;

B.     A finding and judgment declaring that Plaintiff take nothing by way of its Complaint;

9108110.1

C.    A finding and judgment declaring that Yowza does not infringe U.S. Patent No. 6,626,800 in any way or manner;

D.    A finding and judgment declaring that all the claims of U.S. Patent No. 6,626,800 are invalid and/or unenforceable;

E.    A judgment and order awarding Yowza its costs, fees and expenses;

F.    A judgment and order finding that this is an exceptional case and awarding Yowza its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.    An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.


DATED:  February 17, 2017                    Respectfully submitted,


                                   By:  /s/ R. Eric Gaum
                                        R. Eric Gaum (OH 0066573)
                                        *Admitted Pro Hac Vice*
                                        regaum@hahnlaw.com
                                        HAHN LOESER & PARKS LLP
                                        200 Public Square, Suite 2800
                                        Cleveland, Ohio 44114
                                        Tele: 216-621-0150
                                        Fax: 216-241-2824

                                        Attorneys for Defendant
                                        YowzaFitness.com, LLC

9108110.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 17, 2017 a true and correct copy of the foregoing document was served on all attorneys of records who have consented to electronic service via the Court's CM/ECF system, per Local Rule CV-5(a)(3).

/s/  R. Eric Gaum
R. Eric Gaum
One of the Attorneys for Defendant
YowzaFitness.com, LLC

9108110.1